## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GAGE TIMPONE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 23-cv-3079 |
| | ) |
| CHERRYLE HINTHORNE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Jacksonville Correctional Center ("Jacksonville"). (Doc. 8). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff named Jacksonville Correctional Center as a Defendant in his initial complaint. Jacksonville is not a proper Defendant as it is not a "person" amenable to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In his amended complaint, Plaintiff now names Cherryle Hinthorne, the Warden of Jacksonville, as the sole Defendant. Therefore, Jacksonville is DISMISSED with prejudice.

1

Plaintiff complains he was exposed to Covid-19; there is mold in the housing unit, health care unit, and cafeteria; there is "germed lint" in the air vents; his pillow was on the floor and has mold stains on it; he cannot breathe in his bunk because the rooms are dirty; and kitchen staff do not wear masks while serving inmates their food.

"For a condition to be 'sufficiently serious,' it must result in a 'denial of the minimal civilized measure of life's necessities' such as a denial of a basic human need including food, medical care, sanitation, or physical safety." *Arringon v. Donathan*, 2022 WL 4466714, at *2 (C.D. Ill. Sept. 26, 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Living conditions which "cause inconvenience or discomfort do not rise to the level of a constitutional violation." *Hickman v. St. Clair Cnty. Jail*, 2020 WL 3489239, at *2 (S.D. Ill. June 26, 2020) (citing *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971)). "Potentially dangerous conditions that are merely noted, but result in no injury, typically fail to state claim." *Hickman*, 2020 WL 3489239, at *2 (citing *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim....")).

Plaintiff does not adequately describe the mold, other conditions, or any symptoms caused by the conditions. As a result, the Court cannot determine whether the conditions are sufficiently serious to support a constitutional claim.

In addition, Plaintiff fails to include any allegations pertaining to Defendant Hinthorne in the body of his amended complaint. "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). There is no *respondeat superior* under § 1983. Defendant Hinthorne is not liable based solely on her position as Warden. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). If state prison officials are named, they must be named in their

individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted. The Court will allow Plaintiff a final opportunity to file a second amended complaint. Plaintiff's second amended complaint must stand complete on its own, include all claims and Defendants, and must not refer to earlier complaints.

**IT IS THEREFORE ORDERED:**

**1)** **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.**

**2)** **Plaintiff shall have a final opportunity to file a second amended complaint within 30 days from the entry of this Order. Plaintiff's second amended complaint will replace Plaintiff's amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the dismissal of this case.**

**3)** **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form to assist Plaintiff.**

**4)** **Defendant Jacksonville Correctional Center is DISMISSED with prejudice. The Clerk is directed to TERMINATE Jacksonville as a Defendant.**

ENTERED: 10/17/23

                                            s/ James E. Shadid
                                            James E. Shadid
                                            United States District Judge